# Michael Faillace & Associates, P.C.

*Employment and Litigation Attorneys*

60 East 42nd Street, Suite 4510         Telephone: (212) 317-1200
New York, New York 10165                Facsimile: (212) 317-1620

michael@faillacelaw.com

August 17, 2017

<u>BY ECF</u>
Hon. Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>Hernandez v. Loco 111 Inc., et al</u>
      <u>17 cv 0666 (RA)</u>

Dear Judge Abrams:

This office represents plaintiff Isahid Hernandez ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair and thus warrants court approval.

The parties have agreed to negotiated settlements ("Agreement") after extensive settlement discussions, including a Court-mandated mediation before Terrance Nolan, Esq.. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice. The parties are also aware of the decision in <u>Wolinsky v. Scholastic Inc.</u>, 900 F.Supp.2d 232 (S.D.N.Y. 2012), and the Plaintiff's position is that while the settlement amount is less than what the Plaintiff would be entitled to if she prevailed at trial, the settlement is fair, as discussed herein.

The Defendants have not yet executed the Agreement, and we ask that the Court not dismiss the action until we submit the final executed Agreement to the Court. We anticipate doing so shortly.

1. **Background**

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL")[1]

Specifically, Plaintiff alleges that she was employed as a cook by Defendants, who run restaurants known as San Loco. Plaintiff alleged Defendants forced her to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.  In particular, Hernandez alleged that she would not be paid at all for some of her hours each week.  Hernandez also alleges that Defendants' manager kept portions of her tips each week.

Defendants denied the allegations in the Complaint, and contended that Plaintiff was properly paid for all hours worked.  Defendants produced documents which could have been construed as evidence that Hernandez was paid correctly.

2. **Settlement Terms**

Under the settlement, the Defendants will pay a total of $13,000 through three monthly installments.  Of the settlement amount, $8,200.00 will go to the Plaintiff, and $4,800.00 to the Plaintiff's attorneys, in accordance with Plaintiff's retainer agreement with her attorneys.[2]

Plaintiff's calculations, after review of documents produced by Defendants, was that Plaintiff's best-case scenario recovery would have been unpaid wages of approximately $2,350, withheld tips of approximately $9,100, and total damages (including liquidated damages, spread of hours, wage notice and wage statement violations, and prejudgment interest) of nearly $35,000.

---

[1] The complaint also originally included claims for sex discrimination under New York State and New York City law.  Those claims were withdrawn without prejudice, and are not the subject of the settlement.
[2] Although Plaintiff's retainer agreement with her attorney entitled Plaintiff's attorney to receive 40% of any recovery, plus expenses, Plaintiff's attorney will agree to take only 33% of the settlement funds.

Defendants consistently challenged Hernandez's allegations. Defendants produced documents that could have been understood to show that Hernandez was paid legally. Defendants also contended that the manager who Hernandez alleged received a part of her tips was not, in fact, a manager, and was entitled to receive a share of tips. By settling the action at an early stage, both sides will avoid the costs and expenses of discovery and trial preparation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). These factors are all satisfied here.

The Agreement here is fair to Plaintiff. Plaintiff has been represented by experienced counsel throughout this lawsuit and made an informed decision to settle the action. The Plaintiff asserts that while the $8,200 that she will be receiving from the Defendants represents only a

portion of the recovery that she would have recovered if she were successful at trial, there were significant concerns over the strength of Plaintiff's claims, as well as the collectability of any judgment Plaintiff may have obtained, as discussed further below. Indeed, the Plaintiff faced a real possibility of no recovery.

Defense counsel has indicated Defendants are suffering from financial hardship. One of the two San Loco locations where Hernandez worked has closed. As such, Plaintiff concluded there is a credible concern that a post-trial judgment would have been difficult to collect. "Courts have often found that concerns over collectability arising from a defendant's financial difficulties militate in favor of finding a wage-and-hour settlement to be fair and reasonable." *Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144 at *1 n.2 (S.D.N.Y. Nov. 6, 2015).

   3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

We respectfully submit that the FLSA does not require the Court to review the attorneys' fees that a plaintiffs' attorney will receive out of a settlement. *See Gutierrez v. 352 East 86th St. Rest., Inc.*, 15-cv-2064 (HBP), 2016 U.S. Dist. LEXIS 23967, *3-*4 (S.D.N.Y. Feb. 19, 2016) (declining to address the fee arrangement between plaintiff and his counsel because FLSA does not regulate relationship between attorney and plaintiff). However, if the Court holds it is necessary to review Plaintiff's attorneys' fees, such fees should be approved as fair and reasonable.

Under the terms of Plaintiff's retainer agreement with counsel, Plaintiff's counsel will receive $4,800.00 from the settlement funds as attorneys' fees and costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $7,377.50. The attorneys' fees which Plaintiff's attorneys will receive are more than the lodestar amount, the fees are fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. In any case a one-third contingency fee is typically approved in this district.

*See Medina v. Almar Sales Co.*, 2017 U.S. Dist. LEXIS 127196, *8 (S.D.N.Y. August 10, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit"); *Aquino v. Fort Wash. Auto Body Corp.*, 2017 U.S. Dist. LEXIS 78344, *10 (S.D.N.Y. May 23, 2017) (awarding the plaintiffs' attorneys a contingency fee of one-third); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

- My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. I also am the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. My time is indicated by the initials "MF."

- Mr. Androphy is senior attorney at Michael Faillace & Associates, P.C. His time is billed at an hourly rate of $400.00. This is his standard rate for matters on which his work is billed at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he

  practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been named a Super Layers Rising Star in 2014, 2015, 2016 ,and 2017 for employment litigation. He have served as lead trial attorney over a dozen wage and hour trials in federal court since joining Michael Faillace & Associates, P.C. Androphy's time is indicated by the initials "JA."

- Marisol Santos, litigation associate at Michael Faillace & Associates, P.C., is billed at the rate of $350 per hour. Following law school, Santos cultivated a specialization in employment law, serving as a wage & hour associate at an employment firm in Queens, New York for a year and a half prior to joining Michael Faillace & Associates, P.C. Since joining the undersigned firm in October 2016, Santos has been responsible for all aspects of the firm's employment docket in federal court. Work performed by Santos is indicated by the initials "MS."

 In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

 These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and Joshua Androphy, finding they had "demonstrated

entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented by the particular facts in this case and in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal With Prejudice will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael A. Faillace

Michael A. Faillace

cc:   Anthony Carabba, Esq.
       Counsel for Defendants